UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No: 15 CV 04296 ) |
| STAHL COWEN CROWLEY ADDIS LLC, LAKE SHORE NUMISMATIC INVESTMENT CORP., and CATHY PAPAGIORGIO, | ) Judge John Z. Lee ) Magistrate Judge Jeffrey Cole ) ) ) ) |
| Defendants. | ) |

**STAHL COWEN CROWLEY ADDIS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

**I.   INTRODUCTION**

Defendant STAHL COWEN CROWLEY ADDIS, LLC, ("SCCA") moves to dismiss this declaratory judgment action, filed by Plaintiff ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. ("AIIC"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because

In the case at issue, SCCA has withdrawn its claim for coverage to AIIC. Under these circumstances, AIIC's declaratory judgment action asks this Court to issue an impermissible advisory opinion on an issue that will never need to be resolved.

Accordingly, this case is moot and the Court should dismiss the Amended Complaint for lack of subject-matter jurisdiction.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

1.   AIIC has filed a complaint seeking declaratory relief under 28 U.S.C. § 2201. [Doc. 1].

2. For the policy period October 1, 2014 to October 1, 2015, SCCA had certain insurance coverage under AIIC's Lawyers Profession Liability Insurance Policy No. AES1031792 (the "Policy"). [Doc. 1, Ex. D]

3. On October 7, 2014, Lake Shore Numismatic Investment Corp. ("LNI") commenced a civil action against SCCA and certain other defendants in the Circuit Court of Cook County, Illinois, captioned Lake Shore Numismatic Investment Corp. v. Richard Cowen, et al,., case. no. 2014-L-010411. (the "Underlying Action"). [Doc. 1, Ex. C]

4. SCCA tendered the Underlying Action to AIIC for a defense and indemnification (the "Claim"). AIIC denied SCCA's tender.

5. On May 14, 2015, AIIC filed the above-captioned declaratory judgment action against SCCA seeking a declaration from this Court that there is no coverage under the Policy in connection with the Underlying Action.

6. On October 28, 2015, SCCA withdrew its tender of the Underlying Action to AIIC. See Exhibit A.

7. SCCA requested that AIIC voluntarily dismiss this action. Ex. A. AIIC refused to do so. Ex. B.

### III. ARGUMENT

#### A. Legal Standard For Rule 12(b)(1) Motions to Dismiss

While "the court must dismiss [an] action" if it "determines at any time that it lackssubject-matter jurisdiction" FED. R. CIV. P. 12(h)(3) (emphasis added), a party may also bring a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See* FED. R. CIV.P. 12(b)(1). A Rule 12(b)(1) motion can assert either a "facial" or a "factual" challenge to the Court's jurisdiction. *Gould Elec. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). A

factual challenge lies where "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir.2003)(emphasis the court's).

SCCA asserts a factual challenge to the Court's jurisdiction. Therefore, SCCA may use evidence outside of the complaint itself to support the motion. Further, the burden of proof on a 12(b)(1) motion is on the party asserting jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884 (3d Cir.1977). The court is free to weigh the evidence to determine whether jurisdiction has been established. *Capitol Leasing Co. v. FDIC,* 999 F.2d 188 (7th Cir.1993)

Because the facts, as demonstrated above and discussed further below, establish that this case no longer involves a justiciable Article III case or controversy, the Court should grant SCCA's motion and dismiss AIIC's Complaint for lack of subject- matter jurisdiction.

    **B.**     **The Court should Dismiss AIIC's Amended Complaint Because This Case No Longer Involves A Justiciable Case Or Controversy Supporting Federal Subject-Matter Jurisdiction**

The Court should dismiss this case because AIIC's claim for declaratory relief is moot. To maintain a declaratory judgment action "an actual controversy must be extant *at all stages of review*, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 460 n.10 (1974) (emphasis added). The facts presented to this Court establish that an actual controversy no longer exists and AIIC is now seeking an impermissible advisory opinion. The United State Supreme Court has consistently held "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *In re Chi., Rock Island & Pac. R.R. Co.,* 772 F.2d 299, 303 (7th Cir.1985) (finding that a court can decide "only the case before it, and cannot render advisory opinions disposing of other issues not presented for decision.")

When a claim for coverage under an insurance policy is withdrawn, there is no longer a justiciable case or controversy sustaining federal jurisdiction for a declaratory judgment action. *See Selective Ins. Co. of South Carolina v. Phusion Projects, Inc.*, 836 F.Supp.2d 731, 732-34 (N.D. Ill. 2011); *State Farm Mutual Automobile Insurance Co. v. Ormston*, 550 F.Supp. 103, 105 (E.D. Pa. 1982); *American International Specialty Lines Insurance Co. v. Pacifica Amber Trail LP*, Civ. A. No. 11-cv-0336, 2013 WL 3205345 (S.D. Cal. June 24, 2013); *Unigard Insurance Co. v. Continental Warehouse*, Civ. A. No. 00-cv-4279, 2001 WL 432396, *3 (N.D. Cal. April 26, 2001); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 1:14-CV-1450-LJO-GSA, 2015 WL 966205, at *3 (E.D. Cal. Mar. 4, 2015).

In the *Selective Insurance* case, decided by the United States District Court for the Northern District of Illinois, Selective filed a declaratory judgment action against certain corporate defendants, seeking a ruling that it had no obligation to defend and indemnify the defendants against bodily injury claims arising from defendants' sale of a caffeinated, alcoholic beverage called "Four Loko." Shortly, after Selective filed its lawsuit, the defendants withdrew their request for indemnification and asked Selective to voluntarily dismiss its complaint. Selective refused to do so and defendants moved to dismiss the complaint on the ground that there no longer existed an "actual controversy" that the court could decide. The court granted the motion. The court held:

> [P]laintiff is not faced with the kind of "dilemma" that the Declaratory Judgment Act sought to ameliorate: it is not presently required to take any action with respect to the Underlying Claims, or to refrain from taking any action, to eliminate the risk of liability. Nor does dismissing its declaratory action leave plaintiff in an untenable "wait-and-see" position. To the extent it must wait and see if it will be called upon to defend and indemnify defendants, plaintiff suffers no discernable prejudice on account of the wait. Even in the event defendants decide to assert a claim for coverage at some point in the future (and assuming the parties maintain their current, opposing coverage positions), plaintiff will be no worse off at that point than it is today.[1] While it may be true, as plaintiff argues,

4

> that the facts necessary to adjudicate whether coverage for the Underlying Claims exists under the relevant policy are definite and concrete, rather than hypothetical or abstract, neither party appears to have any significant interest in having plaintiff's hypothetical future claim resolved now. Nor, moreover, would it be in the interest of conservation of resources—either the parties' or the court's—to do so.

*Selective*, 836 F. Supp. 2d at 734.

The court also rejected one of the arguments that AIIC has given for refusing to dismiss its declaratory judgment action, namely that it might be estoppels from asserting coverage defenses if it disclaims coverage but does not seek a judicial determination of coverage. (Ex. B).

> Illinois law supports defendants' argument that where an insured has "deactivated" an insurer with respect to a particular claim, that insurer is "relieved of its obligation to the insured with regard to that claim," and neither the insured's ongoing notification to the insurer of potential new claims, nor the insured's indication that it is placing plaintiff on "standby" triggers a renewed duty to defend. *See Legion Ins. Co. v. Empire Fire and Marine Ins. Co.,* 354 Ill.App.3d 699, 290 Ill.Dec. 719, 822 N.E.2d 1, 5–6 (2004). In short, plaintiff has no present duty whatsoever to defendants with respect to the Underlying Claims, and the possibility that defendants may someday attempt to trigger some duty under their policy is, for now, too speculative to support jurisdiction under the Declaratory Judgment Act.

*Id*. at 734-35 (N.D. Ill. 2011).

AIIC has also asserted that it has a significant interest in having the issue of whether it owes coverage to SCCA decided and that it would be prejudiced should SCCA ever decide to retender the Underlying Action to it. However, these arguments were specifically rejected in *State Farm v. Ormston*. In fact, the facts of that case are virtually identical to the facts of this case. In *Ormston*, the insured voluntarily withdrew its claim for coverage, but reserved the right to reassert it at a later time.[1] The insurer, relying on a line of United States Supreme Court

---

[1] It should be noted that in this case, SCCA has not specifically reserved the right to reassert coverage for the Underlying Action, though it has not explicated waived any right to do so, as the insured did in *Sec. Nat. Ins. Co. v. F.D.I.C.*, No. CIV.A. 13-6736, 2015 WL 1973346, at *3 (E.D. Pa. May 1, 2015).

cases[2], argued that the case was not moot because defendant's reservation of rights "demonstrates an expectation that the challenged activity will be repeated." *Ormston,* 550 F.Supp. at 106. However, the *Ormston* court held that the Supreme Court decisions cited by the insurer were distinguishable because the challenged act in those cases was a "wrong," which violated a statute, or "allegedly illegal conduct," which might be repeated, while the only activity challenged in *Ormston* was the defendant's claim for coverage, which was voluntarily terminated by the defendant. *Id.* at 105-06. The court thus held that the insurer's claim was moot and had to be dismissed because there was "currently no case or controversy between the parties" and the claim did not fall within any exception to the mootness doctrine. *Id.*

Other courts have applied the same analysis. *See Pacifica Amber Trail*, 2013 WL 3205345 at *2-3 (citing *Ormston* with approval and finding that "the issue of whether the Policy entitles Pacifica to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction"); *Unigard*, 2001 WL 432396 at *3 (finding that "there is no active dispute at all, only the possibility of a dispute that may never occur" and dismissing the insurer's declaratory judgment action for lack of subject-matter jurisdiction).

Here, AIIC's Complaint no longer asserts an active case or controversy because – like the covered parties in *Selective, Ormston, Pacifica Amber Trail,* and *Unigard Ins*. – SCCA has withdrawn its claim for coverage with respect to the Underlying Action.

As stated by the court in *Pacifica Amber Trail*, following the withdrawal of the claim for coverage, "the issue of whether the Policy entitles [the insured] to any insurance benefits . . . is an abstract legal question, and presents no actual controversy over which this Court has

---

[2] *United States v. W.T. Grant Co*., 345 U.S. 629, 632 (1953); *Walling v. Helmerich and Payne*, 323 U.S. 37, 43(1944); County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)

jurisdiction." Because SCCA has withdrawn its tender of the Underlying Action to AIIC, any ruling on the merits of AIIC's declaratory judgment action would be an impermissible advisory opinion that this Court lacks jurisdiction to issue. *Preiser,* 422 U.S. at 401; *see also* Fed. R. Civ. P. 12(h)(3)("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.")(emphasis added). Accordingly, this Court should dismiss AIIC's Complaint for lack of subject-matter jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, STAHL COWEN CROWLEY ADDIS, LLC's Motion to Dismiss the Complaint for Declaratory Judgment for lack of subject-matter jurisdiction should be granted.

    s/ David E. Schroeder_____
Attorney for Defendant, Stahl Cowen Crowley Addis LLC
David E. Schroeder, Esq.
ARDC #6187835
TRIBLER ORPET & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois  60606
(312) 201-6400
deschroeder@tribler.com

## CERTIFICATE OF SERVICE

The undersigned attorney deposes and states that a copy of **Stahl Cowen Crowley Addis, LLC's Memorandum in Support of Its Motion to Dismiss Pursuant to Rule 12(b)(1)** was served on:

*Attorneys for Plaintiff*
Adam C. Maxwell
Ellen D. Jenkins
Edward F. Ruberry
Ruberry, Stalmack & Garvey, LLC
500 W. Madison Street, Suite 2300
Chicago, IL 60661
(312) 466-7212
adam.maxwell@rsg-law.com
ellen.jenkins@rsg-law.com
ed.ruberry@rsg-law.com

*Attorneys for Lake Shore Numismatic Investment Corp.*
J.L. Malevitis
Spartacus Law, P.C.
3450 S. Halsted Street, Suite 209
Chicago, IL 60608
(312) 258-1100
jhnymal@comcast.net


service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 19th day of November, 2015, with proper postage prepaid.

                                                                 s/ David E. Schroeder_____
                                                                 an attorney