IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 15 CV 04296 |
| | ) |
| STAHL COWEN CROWLEY ADDIS LLC, LAKE SHORE NUMISMATIC INVESTMENT CORP., and CATHY PAPAGIORGIO, | ) Judge John Z. Lee<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STAHL COWEN CROWLEY ADDIS LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**

NOW COMES the Plaintiff, ASSOCIATED INDUSTRIES INSURANCE COMPANY ("AIIC"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the District Court for the Northern District of Illinois, and hereby files its opposition to Defendant Stahl Cowen Crowley Addis LLC's ("SCCA") Motion to Dismiss Pursuant to FRCP 12(b)(1). In support of this Opposition, Plaintiff states the following and includes the within memorandum of law:

**INTRODUCTION**

1. AIIC issued a Lawyers Professional Liability Insurance Policy, Policy No. AES1031792, for the policy period October 1, 2014 to October 1, 2015 to SCCA. [Doc. 1, Exh. D].

2. On October 7, 2014, Lake Shore Numismatic Investment Corp. ("LNIC") commenced a civil action against SCCA and certain others in the Circuit Court of Cook County, Illinois, captioned *Lake Shore Numismatic Investment Corp. v. Richard Cowen, et al.*, Case No. 2014-L-010411 (the "Underlying Action"). [Doc. 1, Exh. C].

3. On October 28, 2014, SCCA tendered the defense and indemnity for the Underlying Action to AIIC (to AmTrust North America, AIIC's parent company). *See* Tender Letter from SCCA, dated October 28, 2014, attached hereto as Exhibit 1.

4. On May 15, 2015, AIIC denied SCCA's tender of the Underlying Action and filed this action for declaratory judgment. *See* Denial Letter from AIIC, dated May 15, 2015, attached hereto as Exhibit 2; *see also* [Doc. 1].

5. On September 8, 2015, this Court held an initial status conference and, based on the parties' representation that they were discussing terms for withdrawal of the claim, set a deadline for Defendants to answer or otherwise plead by September 17, 2015.

6. Over the next four weeks, AIIC and SCCA were in contact and engaged in several discussions regarding the necessary documentation to effect an agreement regarding coverage for the Underlying Action and to dismiss this action. *See* Correspondence between Adam Maxwell (Counsel for AIIC) and Bill Oberts (Counsel for SCCA), attached hereto as Exhibit 3.

7. On October 6, 2015, AIIC provided SCCA with two documents to effect a proper withdrawal of the claim: first, a stipulation that AIIC has no duty to defend or indemnify in connection with the Underlying Action, and second, a "targeted tender" letter for AIIC to utilize in tendering the Underlying Action to another insurance carrier, to the exclusion of AIIC. *See* the attachments to AIIC's October 6, 2015 email, attached hereto as Exhibit 4.

8. On October 19, SCCA advised that it would not agree to the proposed stipulation and targeted tender, but would prepare a letter to withdraw their request for coverage. *See* Email correspondence dated October 19 through October 23, 2015, attached hereto as Exhibit 5.

9. On October 29, 2015, SCCA proposed a letter and stipulation that purports to moot this declaratory judgment action. [Doc. 22, Exh. A].

10. On November 11, 2015, AIIC disagreed that this action is moot because of the proposed letter and stipulation. [Doc. 22, Exh. B].

11. AIIC maintains that, in light of the above and for the reasons outlined in the below memorandum of law, this case is not moot.

12. On November 19, 2015, AIIC filed its Motion to Dismiss on the basis that this Court lacks subject matter jurisdiction.

## **MEMORANDUM OF LAW**

**I.** **STANDARD**

"[T]he burden of demonstrating mootness is 'a heavy one.'" *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 500 F.3d 571, 575 (7th Cir. 2007) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632-33, 73 S. Ct. 894 (1953). "[M]uch authority [suggests] that unilateral actions by a defendant to render an action moot should be viewed with suspicion." *American Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP, et al.*, 2013 U.S. Dist. LEXIS 88735 (S.D. Cal. June 24, 2013)[1] (citing *Iron Arrow Honor Soc. V. Heckler*, 464 U.S. 67, 104 S. Ct. 373 (1983); *W.T. Grant Co.*, 345 U.S. at 632). Courts "have not hesitated to declare that the controversy is not moot" when a party elects to pursue a new course to evade adjudication of the substantive issues underlying the case. *See Argonaut Ins. Co.* at 575.

The requirement of an "actual controversy" is imposed by Article III of the Constitution and the express terms of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201 provides that

> [i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other

---

[1] Per Judge Lee's standing case management procedure order, all authority cited herein that is only published on electronic database or is otherwise unpublished in the West National Reporter System is appended hereto as Exhibit 6 (immediately following all of the other Exhibits).

> legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

The term "actual controversy" has been defined by the Supreme Court of the United States as "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510 (1941). Further, "[t]he rule in federal cases is that an actual controversy must be extant at all states of review, not merely at the time the complaint is filed." *Steffel v. Thompson, et al.*, 415 U.S. 452, 460 fn. 10, 94 S. Ct. 1209 (1974) (citations omitted). Finally, the court has substantial discretion in deciding whether to entertain a declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137 (1995) ("By the [Declaratory Judgment Act], Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity. . .to grant a new form of relief. . . .").

## II.  ARGUMENT

### A.  AN ACTUAL CONTROVERSY EXISTS BETWEEN THE PARTIES

The "actual controversy" between the parties in this case is whether AIIC is liable to provide insurance coverage (and whether it has the attendant duties) to SCCA for the Underlying Action. "[T]he question in each case is whether the facts alleged, *under all the circumstances*, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764 (2007) (emphasis added) (citations omitted). Several reasons exist that support the finding of an actual controversy between AIIC and SCCA, despite SCCA's communications to AIIC regarding withdrawal of its tender. In light of *all of the circumstances*, it is clear that an actual controversy survives the withdrawal of SCCA's tender of the Underlying Action to AIIC. The cases cited by SCCA in its motion to dismiss for

4

lack of subject matter jurisdiction relating to mootness and withdrawal of claims to insurance carriers are inapposite and distinguishable on several material grounds, as discussed herein. Why an actual controversy remains in this case is outlined below:

### B. SCCA HAS REFUSED TO STIPULATE TO NO COVERAGE

AIIC sought to ensure that SCCA would not re-tender the Underlying Action to AIIC when it requested that SCCA enter into a stipulation that no coverage or duty exists with respect to the Underlying Action. *See* Exhibit 4. SCCA, however, denied AIIC's request and refused to enter into any stipulation that stated that AIIC had no duty to defend and indemnify in connection with the Underlying Action. *See* Exhibit 5. Instead, SCCA counter-proposed a stipulation and letter that merely purported to withdraw its tender of the Underlying Action to AIIC. [Doc. 22, Exh. A]. There is no question that, had SCCA agreed that AIIC had no duty to defend or indemnify SCCA in connection with the Underlying Action, then its withdrawal would have been valid and would have made moot this action, as SCCA would be estopped from re-tendering the claim for defense and/or indemnity.

SCCA's correspondence to AIIC purporting to withdraw the tender of the Underlying Action to AIIC, however, is ineffective, because it neither reserves the right to reassert coverage for the Underlying Action, nor waives its right to do so in the future. SCCA highlights this fact in its motion to dismiss. [See Doc. 23 at p. 5, fn. 1]. But this omission is problematic with respect to the efficacy of SCCA's attempt to withdraw its tender *after being presented with a proposed stipulation and targeted tender*.

Some courts have found that a withdrawal of a claim for coverage moots a declaratory judgment action where there are affirmative representations that the claim will not be reasserted in the future. *See Sec. Nat'l Ins. Co. v. FDIC*, No. CIV. A. 13-6736, 2015 U.S. Dist. LEXIS 57794 at *11 (E.D. Pa. May 1, 2015) (finding claim moot where "Defendant has affirmatively and

5

unequivocally represented to Plaintiff and to this Court that it has withdrawn its claim for coverage. . .and it has expressly stated that it will never resubmit the claim in the future. Defendant will be bound by these representations to the Court and to Plaintiff."). Similarly, courts have found that withdrawal of a claim for coverage *did not moot* a declaratory judgment where the insured expressly reserved the right to reasserts its claim in the future. *Safeco Ins. Co. of America v. Constitution State Ins. Co.*, 1989 U.S. App. LEXIS 24414 (9th Cir. 1989) (unpublished).

Here, SCCA has not "affirmatively and unequivocally represented" that it will never resubmit the claim in the future. Instead, and in attempting to toe the line on whether its purported withdrawal moots this action, SCCA does not address whether it will re-tender the Underlying Action to AIIC. SCCA's withdrawal might be considered ambiguous, except for the fact that it explicitly rejected AIIC's proposed stipulation and targeted tender documents prior to withdrawing its claim. In the face of AIIC's proposed stipulation and request for a targeted tender, SCCA's rejection of AIIC's proposal illustrates that whether coverage for the Underlying Action exists remains a controversy between these parties ripe for determination.

## C. SCCA HAS REFUSED TO TARGET THE UNDERLYING CLAIM TO ITS OTHER INSURANCE CARRIER TO THE EXCLUSION OF AIIC, AS REQUIRED BY ILLINOIS LAW

Ordinarily, where an insured has potential coverage under different insurance policies, each insurer has an obligation to provide coverage under the terms of its respective policy. *See Chicago Hosp. Risk Pooling Program v. Illinois State Med. Inter-Ins. Exch.*, 325 Ill. App. 3d 970, 758 N.E.2d 353, 357 (Ill. App. Ct. 1st Dist. 2001). Before a duty to defend is triggered, though, certain courts applying Illinois law, including the Court of Appeals for the Seventh Circuit, have held that the duty to defend arises only after the insured tenders its defense to the insurer. *Hartford Accident & Indemnity Co. v. Gulf Ins. Co.*, 776 F.2d 1380, 1383 (7th Cir. 1985); *Institute of London*

6

*Underwriters v. Hartford Fire Ins. Co.*, 234 Ill. App. 3d 70, 80, 599 N.E.2d 1311, 1317 (Ill. Ct. App. 5th Dist. 1992).

In Illinois, however, an insurer is afforded the option to target one insurance carrier to the exclusion of another where the possibility exists that insurance coverage for a claim is afforded by more than one insurance policy. *See Richard Marker Assoc. v. Pekin Ins. Co.*, 318 Ill. App. 3d 1137, 1139, 1143-44, 743 N.E.2d 1078 (Ill. Ct. App. 2d Dist. 2001) ("the targeted or selective tender doctrine allows an insured covered by multiple insurance policies to select or target which insurer will defend and indemnify it with regard to a specific claim"); *see also Chicago Hosp. Risk Pooling Program*, at 358-61. When an insured designates one insurer to defend, the duty to defend falls solely on the selected insurer. *Cincinnati Cos. V. West American Ins. Co.*, 183 Ill. 2d 317, 324, 701 N.E.2d 499, 503 (Ill. 1998). After "deactivating" an insurer with respect to a particular claim, that insurer is "relieved of its obligation to the insured with regard to that claim[.]" *Selective Ins. Co. of South Carolina v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 734-35 (N.D. Ill. 2011).

AIIC proposed a targeted tender for SCCA to utilize with its other insurance carrier that stated that SCCA would "exclusively tender to [name of prior insurance carrier] and request all benefits available to SCCA, including the right to a defense and indemnity" for the Underlying Action. *See* Exhibit 4 at p. 3. The targeted tender further stated that it was "made without recourse to Associated Industries Insurance Company, Inc. [and that it is] the expressed intention of SCCA that it be provided with insurance coverage for the lawsuit solely through" the insurance policy issued by its other insurance carrier. *Id.* SCCA explicitly rejected this language. *See* Exhibit 5.

Because the "targeted tender" is how insureds go about "selecting" and "deselecting" insurance carriers where multiple policies are potentially implicated, in the absence of such a targeted tender, the duty to defend would fall on both (or each) insurer. Here, SCCA has refused to issue a targeted tender to one insurer, and because of that, it is unclear whether AIIC has a duty

7

to defend SCCA in the Underlying Action.[2]  Through this declaratory judgment action, AIIC seeks to determine that precise question; specifically, to obtain a ruling that it does not have and has not ever had a duty to defend SCCA in the Underlying Action.  The duty to defend issue is disputed among and between AIIC and SCCA, as evidenced by SCCA's refusal to issue a targeted tender to its other insurer to the exclusion of AIIC.  SCCA's refusal to issue a targeted tender to the exclusion of AIIC prevents it from carrying the heavy burden of establishing that this action is moot.  *See Sec. Nat'l Ins. Co.*, *supra* (citing *W.T. Grant Co.*, 345 U.S. 629, 632 (1953)).

> **D.   SCCA HAS MERELY ELECTED TO PURSUE A NEW COURSE OF ACTION TO EVADE ADJUDICATION OF SUBSTANTIVE ISSUES WITH RESPECT TO COVERAGE**

SCCA has merely elected to withdraw its tender in an attempt to evade adjudication of the substantive rights accorded to the parties under the insurance policy at issue.  SCCA in its motion to dismiss argues that AIIC cannot successfully assert that an actual controversy exists in this matter based upon SCCA's reservation to re-tender its claim (by implication), and based upon the fact that such a reservation demonstrates an expectation that the challenged activity will be repeated.  *See* [Doc. 23 at p. 5-6].  In support of its mootness position, SCCA cites an out-of-circuit district court opinion, *State Farm Mut. Auto. Ins. Co. v. Ormston*, because the Court distinguished United States Supreme Court cases finding an actual controversy where an expectation that the challenged activity would be repeated on the grounds that such activity violated a statute or was otherwise "allegedly illegal conduct" which might be repeated, as opposed to the withdrawal of a claim for insurance coverage.  550 F. Supp. 103, 105 (E.D. Pa. 1982).  The *Ormston* court found

---

[2] AIIC notes that on October 21, 2015 it issued and served discovery on SCCA requesting the identity of and its communications with any other insurers.  Since AIIC does not yet have answers or responses to its discovery requests, it cannot speculate on the substance of communications SCCA has had with its other insurer(s), but asserts that SCCA refused to issue the targeted tender that AIIC provided to it to deselect AIIC's insurance coverage and select another insurance carrier, to the exclusion of AIIC.

8

that the withdrawal of a claim for insurance coverage was different than an illegal act which might be repeated, and dismissed the case as moot due to the withdrawal of the insurance coverage. *See id*. SCCA's reliance on *Ormston* is misplaced, as the Seventh Circuit has addressed that argument and held otherwise.

The Court of Appeals for the Seventh Circuit has discarded SCCA's argument that an expectation of repeated conduct must involve allegedly illegal conduct in order for an actual controversy to exist between the parties when one party unilaterally ceases the conduct in question. In *Argonaut Ins. Co.*, 500 F.3d 571, 575, the Court held that "[a]lthough these cases often deal with instances where a defendant ceases the primary conduct that is the subject of the suit, the rationale applies with equal force to cases such as this, where procedural maneuvering on the part of the respondent aims to defeat the petitioners' ability to obtain a judicial determination of their rights." The *Argonaut* Court clearly recognized the inherent unfairness with allowing a unilateral act, like withdrawal of a claim, to prevent a party from adjudicating its rights under the guise of procedural maneuvering. If SCCA were not just procedurally maneuvering, then it would have stipulated to no coverage, issued a targeted tender to its other insurance carrier, or unequivocally represented that it would not resubmit its tender of the Underlying Action to AIIC. SCCA has done none of those things. SCCA should not be allowed to unilaterally evade adjudication of the parties' rights pursuant to the insurance policy by withdrawing its tender but failing to agree to no coverage and failing to issue a targeted tender document to the exclusion of AIIC.

### E. AIIC WILL SUFFER PREJUDICE IF THIS MATTER IS DISMISSED WITHOUT AN ADJUDICATION OF THE PARTIES' RIGHTS AND OBLIGATIONS UNDER THE POLICY

The only case SCCA cites from the Northern District of Illinois (indeed, the only case from the Seventh Circuit) in support of its position is *Selective Ins. Co.*, *supra*, but that case is distinguishable. The Court in *Selective Ins. Co.* acknowledged that "all the circumstances" must

be considered when determining whether the issuance of a declaratory judgment is warranted. 836 F. Supp. 2d. at 733 (citing *MedImmune*, 549 U.S. at 127). One such circumstance is whether the plaintiff will suffer prejudice on account of waiting to see whether the defendant would assert a claim for coverage at some point in the future. *See Selective Ins.* at 734. In deciding the case was not moot, the Court found that plaintiff would be "no worse off at that point than it is today." *Id*.

Here, AIIC suffers prejudice every day that the Underlying Action proceeds without a judicial determination (or without an agreement from SCCA) that it has no duty to defend SCCA in that action. The claim by LNIC in the Underlying Action exceeds $25 million, which far exceeds the $5 million policy limit of the insurance policy at issue. The Underlying Action was filed on October 7, 2014, and SCCA has incurred (and continues to incur) defense costs in connection with the defense of that case since about that time (for a period of over one year); these are costs for which AIIC is potentially responsible if the duty to defend exists. Thus, AIIC has a significant interest in having its rights and duties under the policy adjudicated expeditiously, so that, in the event that the duty to defend exists, it can control the defense of the Underlying Action and minimize any potential exposure to its insured, firstly, and to itself. The right to determine whether AIIC has a duty to defend now, so that it can, if necessary, subsequently assess and minimize the exposure that the Underlying Action presents to SCCA, is a key factor that this Court should consider in determining whether this action is moot based on SCCA's unilateral withdrawal of its tender.

**F.  AIIC HAS A RIGHT TO DETERMINE ITS OBLIGATIONS UNDER THE INSURANCE POLICY WITH RESPECT TO LNIC AND SCCA, AS EACH ARE NECESSARY PARTIES TO THIS ACTION**

SCCA and LNIC are both individually necessary parties to this action, and AIIC has a right to have its responsibility under the policy of insurance it issued to SCCA determined. *See* Appleman, Insurance Law and Practice § 11354. Under Illinois law, a necessary party is

> one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence; (2) to reach a decision which will protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy.

*Flashner Med. Ptshp. V. Marketing Mgt., Inc.* 189 Ill. App. 3d 45, 53, 545 N.E.2d 177, 182 (Ill. Ct. App. 1st Dist. 1989). In Illinois, LNIC, as a third party claimant, is a necessary party in this declaratory judgment action and has a vested interest in the policy proceeds. The fact that LNIC is a party to this case differs from the cases cited (from other jurisdictions) by SCCA in support of its motion to dismiss.

AIIC is entitled to determine rights with respect to its obligation to AIIC and with respect to the underlying claimant, LNIC. The Declaratory Judgment Act, 22 U.S.C. 2201(a), provides as follows:

> In a case of actual controversy within its jurisdiction, . . .any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

In this lawsuit, AIIC seeks a declaration that it has no duty to defend or indemnify its insured, SCCA, in the Underlying Action that LNIC filed against SCCA for damages in excess of $25 million. Under the subject policy, AIIC insures SCCA for covered damages and claim expenses up to only $5 million, and SCCA tendered the Underlying Action to AIIC for defense and indemnity on October 28, 2014.

LNIC, as a third party claimant, has an interest in the availability of insurance coverage under SCCA's policy. *See West American Insurance Company v. Mund*, No. 06-CV-0293-DHR, 2006 U.S. Dist. LEXIS 92881 (S.D. Ill. Dec. 22, 2006). In *Mund*, the plaintiffs in the underlying

11

lawsuit were joined to a declaratory judgment action the insurer brought to determine insurance coverage. The plaintiffs in the underlying lawsuit moved to dismiss themselves as defendants to the declaratory judgment action, arguing that there was no privity of contract that would allow them to be parties. The court denied the motion, holding that that "an injured party is a necessary party in a declaratory judgment action brought by an insurer against the insured regarding the insurer's obligation to provide coverage." *Id*. (quoting *M.F.A. Mut. Ins. Co. v. Cheek*, 66 Ill.2d 492, 495, 363 N.E.2d 809 (Ill. 1977)). *See also Employers Mut. Cas. Co. v. Witham Sales & Serv., Inc.*, No. 2:08 cv 233, 2009 U.S. Dist. LEXIS 109985 (N.D. Ind. Nov. 23, 2009) ("[A] majority of courts have held that the injured party *is* a necessary party to a declaratory judgment action brought by the *insurer* against the *insured* when the insurer's motion seeks to determine *policy coverage*, not merely a duty to defend."); *Georgia-Pacific Corp. v. Sentry Select Ins. Co.*, No, 05-cv-826-DRH, 2006 U.S. Dist. LEXIS 33975, *19 (S.D. Ill. May 26, 2006) ("[I]f the declaratory judgment action is filed instead by the *insurer* or involves a determination of insurance coverage or both, then the underlying claimant is considered a necessary party."); *Winklevoss Consultants, Inc. v. Federal Ins. Co.*, 174 F.R.D. 416, 418, 1997 U.S. Dist. LEXIS 12509 (N.D. Ill. 1997) (explaining that the injured party must be joined to a declaratory judgment action filed by an insurer to determine its coverage obligations).

Irrespective of SCCA's tender or withdrawal of its tender, AIIC has a right to determine its obligations and rights with respect to LNIC as the claimant in the Underlying Action. Similarly to how LNIC is a necessary party by way of its status as a third party claimant, SCCA is likewise a necessary party to this case as a party to the insurance contract. SCCA's presence is required in this declaratory judgment suit for each of the three reasons that make a party necessary to this action: 1) SCCA's interest would not be protected if it were absent from the suit; 2) SCCA is necessary to the lawsuit for the court to be able to reach a decision which will protect the interests

of all of the involved parties; and (3) SCCA's presence in the lawsuit will enable the Court to make a complete determination of this controversy.

Because AIIC has a right to adjudicate its rights with respect to LNIC as a third party claimant to the insurance policy, it also has a right to adjudicate its rights and obligations with respect to SCCA as AIIC's insured.

## III.   CONCLUSION

In light of *all of the circumstances*, including that SCCA has refused to stipulate to no coverage; refused to issue a targeted tender to its other insurance carrier; elected another course of action merely to evade adjudication of this dispute; because AIIC will suffer prejudice if this case is dismissed without adjudicating the rights and obligations of the parties under the insurance policy; and because AIIC has a right to a determination in this action of the rights and obligations under the policy with respect to LNIC, in which action SCCA is a necessary party, it is clear that an actual controversy survives the withdrawal of SCCA's tender of the Underlying Action to AIIC in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Associate Industries Insurance Company, respectfully requests that this Court DENY defendant SCCA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), and for any other and further relief that this Court deems just and proper. Alternatively, AIIC suggests that this matter should be stayed pending any re-tender of the Underlying Action to AIIC, or, again alternatively, that if this Court deems that this matter is moot due to SCCA's withdrawal of its tender, that this matter be dismissed without prejudice.

Respectfully submitted,

  /s Adam C. Maxwell
Edward F. Ruberry
Illinois ARDC #2411547
Ellen D. Jenkins
Illinois ARDC #6231011
Adam C. Maxwell
Illinois ARDC #6306534
**Ruberry, Stalmack & Garvey, LLC**
10 S. LaSalle St., Suite 1800
Chicago, Illinois 60603
Tel. (312) 466-8050
Fax (312) 466-8055
ed.ruberry@rsg-law.com
ellen.jenkins@rsg-law.com
adam.maxwell@rsg-law.com
Attorneys for Plaintiff