UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No: 15 CV 04296 |
| STAHL COWEN CROWLEY ADDIS LLC, LAKE SHORE NUMISMATIC INVESTMENT CORP., and CATHY PAPAGIORGIO, | ) ) ) ) ) | Judge John Z. Lee Magistrate Judge Jeffrey Cole |
| Defendants. | ) ) | |

## DEFENDANT STAHL COWEN CROWLEY ADDIS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

NOW COMES Defendant, STAHL COWEN CROWLEY ADDIS LLC ("SCCA"), by and through its attorneys, Tribler Orpett & Meyer, P.C., in support of its Motion to Dismiss ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.'s ("AIIC") Complaint for Declaratory Judgment (the "Motion") and states as follows.

AIIC's response fails to refute the Motion's main argument – that there was no justiciable controversy between AIIC and SCCA the minute SCCA withdrew its tender to AIIC. The reasons advanced by AIIC as to why it believes this Court still has jurisdiction over this matter lack merit and fail to establish that this action is not moot. Thus, the Motion should be granted and this action should be dismissed.

### I.     SCCA's Failure To Enter Into AIIC's Stipulation Is Irrelevant

AIIC's first argument is that it requested that SCCA enter into a stipulation that no coverage or duty existed on the part of AIIC with respect to the Underlying Action but SCCA refused to do so. AIIC contends that SCCA's withdrawal of its tender, rather than signing

AIIC's stipulation "is ineffective, because it neither reserves the right to reassert coverage for the Underlying Action, nor waives its right to do so in the future." Brief, p. 5. However, what AIIC ignores is that SCCA's withdrawal of its tender means that there is no present dispute between AIIC and SCCA that the court can resolve.

AIIC relies upon the cases of Safeco Ins. Co. of America v. Constitution State Ins. Co., 881 F.2d 1084 (9th Cir. 1989) and Sec. Nat'l Ins. Co. v. FDIC, No. CIV.A. 13-6736, 2015 U.S. Dist. LEXIS 57794, 2015 WL 1973346 (E.D. Pa. 2015) and to support its position that this action is only moot if the insured withdraws its tender and explicitly states that it will never renew it. However, these cases do not support AIIC's position for several reasons. First, the Safeco decision is unpublished, thereby giving it no precedential authority. Second, the discussion of mootness in Safeco is mere dicta because the issue the court was asked to decide was whether the district court properly exercised its discretion to decline to hear a declaratory judgment action. Third, in that case, the appellate court affirmed the district court's decision to decline to hear the case.

The court deciding the FDIC case strongly relied upon the case of State Farm Mut. Auto. Ins. Co. v. Ormston, 550 F. Supp. 103, 104-05 (E.D. Pa. 1982), where the insurer's declaratory judgment case was held to be moot, even though the insured's lawyer withdrew his client's claim "without prejudice to [his] client's right to assert a claim for uninsured motorist benefits at some later time." The FDIC court did not hold that it was essential to its decision that the insured not only withdrew its claim but also promised not to reassert it. Moreover, in the FDIC case, the insurer wanted the insured to sign "a proposed stipulation to dismiss this action, which contained language that it represented "a final adjudication on the merits." FDIC, at *1. As is the case

here, the insured refused to sign the stipulation the insurer wanted and the court still found that the case was moot.

AIIC also argues that SCCA's tender withdrawal is ambiguous because SCCA does not address the question of whether it might re-tender in the future. However, this argument merely emphasizes the fact that when SCCA withdrew its tender it made this case moot now. AIIC's argument makes it clear that it wants this Court to issue an advisory opinion over a dispute that may never arise in the future. This is something a federal court may not do. Federal "courts may not prospectively issue declaratory judgments for disputes that may or may not arise, a proposition for which there is substantial authority." Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP, No. 11CV0336-LAB-WVG, 2013 WL 3205345, at *1 (S.D. Cal. June 24, 2013) citing City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

The Ormston decision is directly on point on this issue and it is telling that AIIC does not even attempt to distinguish it. For all of these reasons, AIIC's first argument does not refute SCCA's position that there is presently no justiciable controversy before this court.

## II.      AIIC Misinterprets The Targeted Tender Doctrine

AIIC's second argument is that SCCA refusal to issue a "targeted tender" letter to its other insurance carrier, "as required by Illinois law," somehow still presents this Court with a justiciable controversy in this case. This argument is simply wrong.

"[T]he 'targeted' or 'selective' tender doctrine allows an insured covered by multiple insurance policies to select or target which insurer will defend and indemnify it with regard to a specific claim." Kajima Construction Services, Inc. v. St. Paul Fire & Marine Insurance Co., 227 Ill.2d 102, 107, 316 Ill. Dec. 238, 879 N.E.2d 305 (2007). Illinois courts have consistently held

that an insured has a paramount right to choose or knowingly forego an insurer's participation in a claim. Richard Marker Associates v. Pekin Insurance Co., 318 Ill.App.3d 1137, 1141, 252 Ill.Dec. 922, 743 N.E.2d 1078 (2nd Dist. 2001).  There are many reasons why an insured may choose to forego a certain insurer's coverage, such as the insured's fear that premiums would increase or the policy would be cancelled in the future. Id.  When an insured designates one of the insurers to defend, the duty to defend falls solely on the selected insurer. Cincinnati Cos. v. West American Insurance Co., 183 Ill.2d 317, 324, 233 Ill.Dec. 649, 701 N.E.2d 499 (1998). This rule is intended to protect the insured's right to knowingly forgo an insurer's involvement." Id. (citing Institute of London Underwriters v. Hartford Fire Insurance Co., 234 Ill.App.3d 70, 79, 175 Ill.Dec. 297, 599 N.E.2d 1311 (1992)).  "The insured's right to choose encompasses the right to deactivate coverage from an insurer that was previously selected."  AMCO Ins. Co. v. Cincinnati Ins. Co., 2014 IL App (1st) 122856, ¶ 13, 10 N.E.3d 374, 378; Richard Marker, 318 Ill.App.3d at 1143, 252 Ill.Dec. 922, 743 N.E.2d 1078.

As an initial matter, while Illinois law permits insureds to target one of two or more insurers potentially providing coverage for the same claim, there is no requirement that an insured do so.  Second, AIIC claims that in the absence of a targeted tender, two or more carriers potentially covering the same risk must share in the insured's defense.  This is true, where an insured tenders to two or more carriers but does not specifically invoke the targeted tender doctrine against one of them.  However, here, SCCA has specifically withdrawn its tender to AIIC.  This has the result of relieving AIIC of any duties to SCCA, with or without the involvement of another insurer.  Thus, regardless of whether SCCA has specifically targeted another insurer, it has explicitly "deactivated" AIIC.  It is simply not true that it is "unclear whether AIIC has a duty to defend SCCA in the Underlying Action."  Brief, p. 8.  SCCA's

tender withdrawal means that AIIC does not have any duty to SCCA. It further means that SCCA is no longer demanding anything of AIIC and there is currently no dispute between SCCA and AIIC for this Court to adjudicate.

Finally, it is strange that AIIC would assert that a "targeted tender" letter to another insurer would satisfy it that there is no longer a justiciable controversy between it and SCCA because under the AMCO and Richard Marker decisions, it is clear that SCCA could re-target AIIC in the future and de-select any other insurer. Thus, the fact that SCCA declined to accede to AIIC's demand that it de-select AIIC and target another insurer, does not mean that there is currently a case or controversy between AIIC and SCCA that conveys subject matter jurisdiction on this Court.

### III.    AIIC's Reliance On Lloyd's v. Argonaut Is Misplaced

AIIC next argues that in Certain Underwriters at Lloyd's London v. Argonaut Ins. Co., 500 F.3d 571 (7th Cir. 2007), the United States Court of Appeals for the Seventh Circuit has rejected SCCA's argument that a parties' potential to engage in repeated conduct must involve allegedly illegal or wrongful conduct in order for an actual controversy to exist. In that case, Argonaut filed for arbitration against Lloyd's but failed to timely name its arbitrator. Lloyd's then exercised its right to name a second arbitrator for Argonaut. Lloyd's filed a suit in the district court under 9 U.S.C. § 5, seeking an order confirming the appointment of its two nominees as arbitrators in its dispute with Argonaut. Shortly after this lawsuit was filed, Argonaut informed Lloyd's that it was withdrawing its demand for arbitration, without prejudice. Argonaut then moved to dismiss the lawsuit on the ground that it was moot. The district court denied the motion finding that "Argonaut could not circumvent Underwriters' right under the [arbitration] clause to appoint the second arbitrator simply by ending the first arbitration

proceeding with the clear intent to begin a new one." <u>Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.</u>, 500 F.3d at 573. On appeal, the United States Court of Appeals for the Seventh Circuit affirmed on the jurisdictional question, agreeing with the district court that it was clear that Argonaut would file a new, procedurally sound arbitration, if the lawsuit was dismissed. <u>Id</u>. at 575. Thus, this case stands for the proposition that a party to litigation may not try to cure a procedural deficiency in a case by withdrawing the claim, in order to try to cure the procedural error in a new lawsuit.

In this case, SSCA has withdrawn its tender and there is no evidence of any intent to immediately renew it, if this litigation is dismissed. Moreover, there is no procedural error that SCCA needs to attempt to correct by having the present action dismissed and then re-tendering to AIIC. Thus, the <u>Lloyd's v. Argonaut</u> case is inapplicable here.

## IV.     AIIC Will Not Be Prejudiced By The Dismissal Of This Action

AIIC next argues that it will be prejudiced if this lawsuit is dismissed. AIIC argues that it has "a significant interest in having its rights and duties under the policy adjudicated expeditiously, so that, in the event that the duty to defend exists, it can control the defense of the Underlying Action and minimize any potential exposure to its insured, firstly, and to itself." Brief, p. 10. However, AIIC denied SCCA's tender and refused to defend SCCA in the underlying action. Thus, the only way that AIIC could ever have a duty to defend would be for a court to find that it breached its duty to defend by denying coverage to SCCA. But a finding that AIIC breached its duty to defend would not give AIIC the right to control SCCA's defense. Having abandoned its insured, AIIC would never be a position to assert its contractual right to control the defense. A loss in a coverage dispute with SCCA would only result in AIIC being

required to reimburse its insured for the cost of defense the insured had to pay for itself. Maryland Casualty Co. v. Peppers, 64 Ill. 2d 187, 198-99, 355 N.E.2d 24, 31 (1976).

"When an insurer totally abandons its insured by breaching the duty to defend, such abandonment waives most of the insurer's rights under its policy." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cont'l Illinois Corp., 673 F. Supp. 267, 273 (N.D. Ill. 1987). An insurer that denies coverage cannot later control the insured's defense. CE Design Ltd. v. King Supply Co., 791 F.3d 722, 726 (7th Cir. 2015). If AIIC was truly concerned about limiting its insured's and its own exposure in the underlying litigation, it should have accepted SSCA's tender or at least accepted it under a reservation of rights. However, it did not. Instead, it denied the tender and filed this action. Thus, AIIC cannot assert that it might be prejudiced by the defense its insured was required to provide and continues to provide at its own expense.

If there is any prejudice that may be suffered here, it would be the expense SCCA would have to incur to litigate coverage questions over a claim that it is not tendering to AIIC and may never tender in the future. Should SSCA's motion be denied and it is ultimately determined that no justiciable controversy existed in this case, then all actions following the denial of this motion would be void. Gonzalez v. Crosby, 545 U.S. 524, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); On Track Transp., Inc. v. Lakeside Warehouse & Trucking Inc., 245 F.R.D. 213, 215 (E.D. Pa. 2007)("A judgment entered by a court that lacks subject matter jurisdiction is void."); U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 72, 108 S. Ct. 2268, 2269, 101 L. Ed. 2d 69 (1988)("subpoenas [the court] issues in aid of determining the merits are void if the court lacks subject-matter jurisdiction over the underlying suit."). Thus, the real danger of prejudice here is that SSCA would be required to litigate a case over which this

Court has no subject matter jurisdiction and then have all of that work declared void if it is subsequently determined that this Court did not have subject matter jurisdiction.

### V.        LNIC's Involvement Does Not Create A Justiciable Controversy

AIIC's final argument is that it has a right to adjudicate its rights with respect to LNIC, the plaintiff in the underlying case, independent of whether there is a justiciable controversy between AIIC and SCCA.  AIIC cites numerous cases holding that under Illinois law, in an insurance declaratory judgment action, the underlying plaintiff is a necessary party.  SSCA does not dispute that proposition.  However, AIIC cites not one case for the proposition that if the dispute between the insured and the insurer is moot, because there is no justiciable controversy between them (thereby depriving a federal court of subject matter jurisdiction), the insurer somehow still has a right to resolve any hypothetical coverage issues vis-à-vis the underlying plaintiff.  AIIC's failure to cite to such a case is not surprising as in Illinois, "entertaining direct action suits is contrary to a firmly-fixed public policy." Scroggins v. Allstate Ins. Co., 74 Ill. App. 3d 1027, 1037, 393 N.E.2d 718, 725 (1st Dist. 1979); Marchlik v. Coronet Ins. Co., 40 Ill.2d 327, 332, 239 N.E.2d 799, 802 (1968); section 388 of the Insurance Code 215 ILCS §5/388.  Thus, once there is no justiciable controversy between the insurer and the insured, there cannot be an independent one between the insurer and the underlying plaintiff under Illinois law. LNIC could not have brought this action against AIIC absent a viable dispute between SCCA and AIIC, so LNIC has no independent dispute with AIIC that would convey subject matter jurisdiction on this Court absent a justiciable controversy between SCCA and AIIC.  Moreover, AIIC flips the necessary party requirement on its head by asserting that because it has an alleged right to litigate its phantom dispute with LNIC, SCCA is a necessary party to that dispute and

must remain in the case so that SCCA's interests will be protected. This is a creative argument that suffers from a serious flaw – there is no case law that comes close to supporting it.

Finally, strictly an AIIC/LNIC dispute is purely speculative. There is no guarantee that LNIC will prevail in the underlying litigation, AIIC's duty to defend is not a point of contention between AIIC and LNIC and LNIC cannot force SSCA to tender its suit to AIIC. Thus, the fact that LNIC was a necessary party to a declaratory judgment action between AIIC and SCCA does not mean that LNIC's status as a defendant confers subject matter jurisdiction on this Court, once the AIIC/SCCA dispute is moot.

## CONCLUSION

Federal courts are courts of limited jurisdiction. If a federal court does not have subject matter jurisdiction, a lawsuit cannot proceed there. In this case, once SCCA withdrew its tender to AIIC, no justiciable controversy remained between them. In the absence of a justiciable controversy, this action became moot and the Court lost subject matter jurisdiction. The only issues that AIIC now wishes to have decided are purely speculative and would require this Court to issue an advisory opinion, which the Supreme Court forbids. For these reasons, SCCA's Motion to dismiss should be granted because this Court lacks subject matter jurisdiction over this dispute. Alternatively, this Court should exercise its discretion to decline to hear what is now an advisory declaratory judgment action under 28 U.S.C. §2201(a).

## PRAYER FOR RELIEF

WHEREFORE, defendant Stahl Cowen Crowley Addis, LLC, respectfully requests that this Court GRANT its Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), and award it such further and additional relief as this Court deems just and proper.

Respectfully Submitted,


s/  David E. Schroeder_____
Attorney for Defendant, Stahl Cowen Crowley
Addis LLC
David E. Schroeder, Esq.
ARDC #6187835
TRIBLER ORPET & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois  60606
(312) 201-6400
deschroeder@tribler.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney deposes and states that a copy of **Defendant Stahl Cowen Crowley Addis LLC's Reply In Support of Its Motion to Dismiss Pursuant to Rule 12 (b)(1)** was served on:

***Attorneys for Plaintiff***
Adam C. Maxwell
Ellen D. Jenkins
Edward F. Ruberry
Ruberry, Stalmack & Garvey, LLC
500 W. Madison Street, Suite 2300
Chicago, IL 60661
(312) 466-7212
adam.maxwell@rsg-law.com
ellen.jenkins@rsg-law.com
ed.ruberry@rsg-law.com

***Attorneys for Lake Shore Numismatic Investment Corp.***
J.L. Malevitis
Spartacus Law, P.C.
3450 S. Halsted Street, Suite 209
Chicago, IL 60608
(312) 258-1100
jhnymal@comcast.net

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 17th day of December, 2015, with proper postage prepaid.

s/  David E. Schroeder_____
an attorney