IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | 15 C 4296 |
| v. | ) ) | Judge John Z. Lee |
| STAHL COWEN CROWLEY ADDIS LLC, LAKE SHORE NUMISMATIC INVESTMENT CORP., and CATHY PAPAGIORGIO | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Associated Industries Insurance Company ("AIIC") filed this suit seeking declaratory judgment that the policy issued to the law firm, Defendant Stahl Cowen Crowley Addis LLC ("SCCA"), did not cover SCCA's defense of a state court suit brought by Lake Shore Numismatic Investment Corp. ("LNI") against it. After AIIC commenced this lawsuit, SCCA withdrew its tender of the defense and indemnity of the underlying suit and filed a motion to dismiss [22] arguing that this case is now moot. For the reasons stated below, the Court grants the motion and dismisses the case.

**Factual and Procedural Background**

As in most things, it is best to start from the beginning. In September 2012, Cathy Papagiorgio filed a petition in the Circuit Court of Lake County on behalf of the Estate of Charles Walanka, claiming that Walanka had bequeathed various properties to her. Compl. ¶ 9, ECF No. 1. About a month later, Sharon Vargas filed a lawsuit against Papagiorgio, seeking the imposition of a constructive trust on certain of the allegedly bequeathed items. *See* Compl.

¶¶ 10–11. The two cases were subsequently consolidated, and SCCA represented Vargas in both proceedings.

In the course of representing Vargas, SCCA's lawyers are alleged to have entered the residence and "touched, disturbed, reviewed and removed" items and business records belonging to LNI (Papagiorgio happens to be LNI's president). *See id.* ¶ 13. As a result, LNI filed suit in the Circuit Court of Cook County against SCCA and one of its lawyers, claiming that they had committed negligence and various intentional torts. *See id.* ¶ 20.

A few weeks after LNI filed its suit, SCCA tendered the defense and indemnity of that litigation to AIIC, the law firm's insurance carrier. In response, the insurance company denied the tender and filed this action seeking a declaratory judgment that the policy does not cover the defense of the LNI suit. Since that time, SCCA has withdrawn its tender.

AIIC, not satisfied with the withdrawn tender, asked SCCA to sign two documents: (1) a stipulation that AIIC had no duty to defend or indemnify the underlying suit and (2) a targeted tender letter meant for SCCA to send to another insurance provider tendering the defense of the litigation to the exclusion of AIIC. SCCA refused to sign either document. Nevertheless, SCCA asked AIIC to voluntarily dismiss the case, arguing that, because it has withdrawn its tender, no dispute currently exists between the parties. AIIC declined, and SCCA filed this motion to dismiss.

## **Legal Standard**

Article III of the Constitution requires that federal courts adjudicate only cases in which there is a case or controversy. This requirement is mirrored in the Declaratory Judgments Act, which allows a court to declare legal rights in "a case of actual controversy." 28 U.S.C. § 2201(a).

The case or controversy requirement persists throughout the litigation, and the case becomes moot if the requirement is not met at any point in the litigation. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). A defendant who believes that a case is moot may file a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In ruling on a Rule 12(b)(1) motion, the Court must accept as true all well-pleaded facts and may look beyond the jurisdictional allegations to whatever evidence is submitted on the issue of subject-matter jurisdiction. *See St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). The party asserting jurisdiction has the burden of proving that jurisdiction exists. *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

## **Analysis**

"Declaratory judgments are permitted but are limited—also to avoid transgressing Article III—to 'case[s] of actual controversy,' 28 U.S.C. § 2201(a), that is, actual legal disputes." *See Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 499 (7th Cir.), *cert. denied*, 135 S. Ct. 458 (2014). In the context of insurance companies that do not believe they have a duty to defend or indemnify an insured, declaratory judgments allow the insurance company to deny coverage and avoid a suit from the insured that could result in punitive damages. *See id.* That was exactly the situation in this case at the time AIIC filed the complaint. That all changed, however, when SCCA withdrew its tender. SCCA argues that, once they had withdrawn their claim, there was no longer an actual controversy for which AIIC could seek declaratory judgment.

AIIC contends that the lawsuit is not moot because SCCA has reserved the right to retender the claim and could do so at any moment. SCCA certainly may do so, but it might not. And, if it does, nothing would prevent AIIC from reinitiating this suit. As things currently stand,

however, SCCA is not asking AIIC to defend or indemnify it for the LNI litigation, and thus there is no controversy. Nearly every district court that has addressed the continuing validity of a declaratory judgment suit where the insured has withdrawn its claim has held that the case is moot. *See Sec. Nat'l Ins. Co. v. Amchin*, No. 15-750, 2016 WL 1392258, at *6 (E.D. Pa. Apr. 7, 2016); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 1:14-cv-1450-LJO-GSA, 2015 WL 966205, at *3 (E.D. Cal. Mar. 4, 2015); *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*, No. 11 CV0336–LAB–WVG, 2013 WL 3205345, *1–2 (S.D. Cal. June 24, 2013); *Selective Ins. Co. of S.C. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 733–34 (N.D. Ill. 2011); *Unigard Ins. Co. v. Cont'l Warehouse*, No. C-00-4279 WHO, 2001 WL 432396, at *2–3 (N.D. Cal. Apr. 26, 2001).[1]

For its part, AIIC relies on the Seventh Circuit case, *Certain Underwriters at Lloyd's London v. Argonaut Insurance Company*, 500 F.3d 571 (7th Cir. 2007). In that case, the parties had entered into an insurance contract that contained an arbitration clause. *See id.* at 572. Under the clause, once an arbitration demand is made, a party may select an arbitrator and request that the other side do so as well. The recipient then has thirty days to select an arbitrator, and the two arbitrators selected by the parties select a third to form a three-arbitrator panel. *See id.* If the recipient fails to select an arbitrator within the time allotted, the other party has the right to select both of the initial arbitrators. *See id.*

A dispute about coverage arose, and Argonaut sent an arbitration demand to the insurer. *See id.* The insurer selected an arbitrator and sent a written request to Argonaut to do the same. Argonaut, however, failed to select an arbitrator within the thirty-day period, giving the insurer

---

[1] The only case AIIC points to in which a court finds that a case is not moot following the withdrawal of a claim is an unpublished and nonprecedential case from the Ninth Circuit. *See Safeco Ins. Co. of Am. v. Constitution State Ins. Co.*, 881 F.2d 1084 (9th Cir. 1989).

the right to choose both of the party-selected arbitrators. *See id.* at 572–73. The insurer then filed a petition in district court seeking to enforce arbitration with its selected panel. While the case was pending, Argonaut withdrew its demand for arbitration and argued the case was moot. *See id.* at 573.

Citing cases that discuss the doctrine of voluntary cessation, the Seventh Circuit in *Certain Underwriters* held that the matter was not moot, noting that Argonaut was "elect[ing] to pursue a new course to evade adjudication of the substantive issues underlying the plaintiff's case." *Id.* at 575. There, the court had reason to be concerned about Argonaut's "procedural maneuvering" because the company had reserved the right to commence a new arbitration proceeding, hoping to cure its prior failure to name an arbitrator. *Id.* Indeed, the voluntary cessation doctrine is intended to address those circumstances where "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013). *See United States v. W. T. Grant Co.*, 345 U.S. 629, 632–33 (1953) (holding that voluntary cessation of allegedly illegal conduct does not render mootness if there is a reasonable expectation that the wrong will be repeated).

In contrast, here, the concerns of evasion and undue procedural skullduggery that underlie the *Certain Underwriters* decision and the voluntary cessation doctrine simply do not exist. If and when SCCA retenders the defense and indemnity of the LNI litigation to AIIC, AIIC need only file a declaratory judgment suit identical to this one, and all parties involved would be in the same position as they were prior to the withdrawal.[2] Accordingly, *Certain Underwriters*

---

[2] Indeed, AIIC can designate the refiled case as a previously filed case, and it will likely be assigned to the same judge. *See* Local Rule 40.3 ("When a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned.").

and the voluntary cessation doctrine are inapplicable here. *See State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103, 105–06 (E.D. Pa. 1982); *Am. Int'l Specialty Lines Ins. Co.*, No. 11 CV0336–LAB–WVG, 2013 WL 3205345, at *1–2.

AIIC next makes a series of additional arguments in opposition to SCCA's motion. First, AIIC contends that SCCA's failure to target another insurance company makes it more likely they will retender AIIC. Although AIIC may be correct as a factual matter, that does not change the reality that no controversy currently exists between the parties.

Second, AIIC argues that it has a right to determine its obligations with respect to the third-party claimant, LNI—which was joined as a party to this suit. In particular, AIIC highlights the importance of having third-party claimants, like LNI, as parties to declaratory judgment suits. Yet none of the cases cited by AIIC stands for the proposition that a declaratory judgment suit can be brought solely to determine the rights against a third-party claimant. Until SCCA once again seeks indemnity from AIIC, the insurance company has no free-standing right to determine its obligations as to LNI.

Lastly, AIIC contends that it will suffer undue prejudice if it is not permitted to pursue this action because "in the event that the duty to defend exists, it can control the defense of the Underlying Action and minimize any potential exposure to its insured . . . and to itself." Pl.'s Resp. at 10, ECF No. 30. But this argument too is unpersuasive. After all, AIIC already has rejected the tender, asserting that it has no obligation to SCCA under the policy. And, of course, it could have assumed the defense under a reservation of rights when it first received SCCA's tender, but elected not to do so. *See Standard Mut. Ins. Co. v. Lay*, 989 N.E.2d 591, 596 (Ill. 2013). In any event, AIIC can raise whatever prejudice it may have suffered due to SCCA's withdraw of its tender in any subsequent coverage proceeding between the two parties. *See, e.g.*,

*Sear, Roebuck & Co. v. Seneca Ins. Co.*, 627 N.E.2d 173, 177 (Ill. App. Ct. 1993) (noting that a court can consider prejudice to insurer for tender of late notice). Accordingly, the Court finds that AIIC will suffer no undue prejudice if this action is dismissed without prejudice at this time.

### **Conclusion**

For the reasons stated herein, the Court grants the motion to dismiss [22]. This action is dismissed without prejudice. Civil case terminated.

**IT IS SO ORDERED.**               ENTERED   6/2/16

                                                                    _____
                                                                    **John Z. Lee**
                                                                    **United States District Judge**